Copy

190453

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
20TH JUDICIAL DISTRICT
AT NASHVILLE

| | | |
|---|---|---|
| SMITHWAY MOTOR XPRESS, INC., | ) | |
| WESTERN EXPRESS, INC., and | ) | |
| NATIONAL CASUALTY COMPANY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.: _12C3728_ |
| | ) | |
| JAMES A. SCOTT & SON, INC., individually, | ) | JURY DEMAND |
| and d/b/a SCOTT TRANSPORTATION | ) | |
| SERVICES and d/b/a SCOTT | ) | |
| TRANSPORTATION and d/b/a SCOTT | ) | |
| INSURANCE; and REGIONS INSURANCE, | ) | |
| INC., individually, and d/b/a INSURISK | ) | |
| EXCESS AND SURPLUS LINES, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' COMPLAINT

Plaintiffs SMITHWAY MOTOR XPRESS, INC. ("SMITHWAY"), WESTERN

EXPRESS, INC. ("WESTERN"), and NATIONAL CASUALTY COMPANY ("NCC") hereby

file this Complaint against Defendants JAMES A. SCOTT & SON, INC., individually, and d/b/a

SCOTT TRANSPORTATION SERVICES and d/b/a SCOTT TRANSPORTATION and d/b/a

SCOTT INSURANCE ("SCOTT"), and REGIONS INSURANCE, INC., individually, and d/b/a

INSURISK EXCESS AND SURPLUS LINES ("REGIONS"), and allege as follows:

### THE PARTIES

1.    SMITHWAY is an Iowa corporation with its home office in Tennessee.

2.    WESTERN is a Tennessee corporation with its home office in Tennessee.

3.    NCC is an Arizona company that issues insurance policies in Tennessee.

4.    SCOTT is a Virginia corporation doing business in Tennessee.

EXHIBIT
A

Copy

5. REGIONS is an Arkansas corporation doing business in Tennessee.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper in Tennessee because the causes of action alleged in this Complaint accrued in Tennessee, and the defendants maintain an office, transact business, have an agent, or are found in Tennessee.

7. Further, venue is proper in Davidson County, Tennessee pursuant to Section 20-4-104(3)(A) of the Tennessee Code of Civil Procedure because SCOTT and REGIONS have registered agents in Davidson County, Tennessee.

## GENERAL ALLEGATIONS

8. On or before July 1, 2008, SMITHWAY, WESTERN, and NCC contracted with SCOTT by and through its employees, agents, and/or servants to procure insurance providing coverage and reinsurance coverage to SMITHWAY, WESTERN, and NCC.

9. On or before July 1, 2008, SMITHWAY, WESTERN, and NCC contracted with REGIONS by and through its employees, agents, and/or servants to procure insurance providing coverage and reinsurance coverage to SMITHWAY, WESTERN, and NCC.

10. On or before July 1, 2008, SCOTT, by and through its employees, agents, and/or servants, acted as an agent of REGIONS in the procurement of an insurance policy providing coverage to SMITHWAY, WESTERN, and NCC.

11. Alternatively, on or before July 1, 2008, REGIONS, by and through its employees, agents, and/or servants, acted as an agent of SCOTT in the procurement of an insurance policy providing coverage to SMITHWAY, WESTERN, and NCC.

.Copy

12.    On, before, and subsequent to July 1, 2008, SCOTT and REGIONS, by and through their employees, agents, and/or servants, acted as insurance brokers for the benefit of SMITHWAY, WESTERN, and NCC.

13.    On or before July 1, 2008, SCOTT and REGIONS, by and through their employees, agents, and/or servants, sought to procure insurance policies covering SMITHWAY and WESTERN from the Underwriting Members of Lloyd's ("Underwriters").

14.    On or before July 1, 2008, SCOTT and REGIONS, by and through their employees, agents, and/or servants, were informed that Underwriters would provide reinsurance agreements if fronting policies were issued by another insurer.

15.    On or before July 1, 2008, SCOTT and REGIONS, by and through their employees, agents, and/or servants, sought to procure fronting insurance policies from NCC and procured policy number CT00120877 with effective dates of July 1, 2008 through July 1, 2009 for the named insured SMITHWAY and policy number CT00115990 with effective dates of April 1, 2008 through April 1, 2009 for the named insured WESTERN (collectively, "the NCC policies").

16.    On or before July 1, 2008, SCOTT and REGIONS, by and through employees, agents, and/or servants, procured reinsurance agreements from Underwriters with number 507/N08QA08560 and effective dates of July 1, 2008 through July 1, 2009 for the reinsured NCC and named insured SMITHWAY and number N08QA03620 and effective dates of April 1, 2008 through April 1, 2009 for the reinsured NCC and named insured WESTERN (collectively, "the Underwriters policies").

17.    On, before, or subsequent to July 1, 2008, the NCC policies were delivered to SCOTT and REGIONS, their employees, agents, or servants.

.Copy

18. On, before, or subsequent to July 1, 2008, the Underwriters policies were delivered to SCOTT and REGIONS, their employees, agents, or servants.

19. At all relevant times, the NCC policies and Underwriters policies contained material inconsistencies, contradictions, and defects, such that the NCC policies did not act as a true fronting policy for the Underwriters policies.

20. At all relevant times, the NCC policies and Underwriters policies failed to provide true fronting coverage and true reinsurance coverage required and contracted for by SMITHWAY and WESTERN.

21. At all relevant times, the Underwriters policies failed to provide the reinsurance coverage required and contracted for by NCC.

22. SCOTT and REGIONS failed to timely deliver the NCC policies and Underwriters policies to SMITHWAY and WESTERN before, on, or after July 1, 2008.

23. SCOTT and REGIONS failed to timely deliver the Underwriters policies to NCC before, on, or after July 1, 2008.

24. SCOTT and REGIONS failed to timely deliver the NCC policies to Underwriters before, on, or after July 1, 2008.

25. Numerous claims against SMITHWAY and WESTERN have arisen within the periods of coverage of the NCC policies and Underwriters policies.

26. As a result of the inconsistencies, contradictions, and defects between the NCC policies and the Underwriters policies, the NCC policies have failed to be solely fronting policies, and the Underwriters policies have failed to be true reinsurance policies for the benefit of SMITHWAY, WESTERN, and NCC.

Copy

27.     As a result of the inconsistencies, contradictions, and defects between the NCC policies and the Underwriters policies, SMITHWAY, WESTERN, and NCC have paid damages that would not have been owed had the proper policies been procured by SCOTT and REGIONS.

28.     Claims against SMITHWAY and WESTERN arising within the period of coverage for the NCC policies and the Underwriters policies are still pending, so SMITHWAY, WESTERN, and NCC may be exposed to additional damages they would not have owed but for the inconsistencies, contradictions, and defects between the NCC policies and the Underwriters policies.

29.     SMITHWAY, WESTERN, and NCC's first notice of the inconsistencies, contradictions, and defects between the policies and of the claims asserted herein came when NCC received a reservation of rights letter from Underwriters for one of the claims against SMITHWAY or WESTERN.

### COUNT I – BREACH OF CONTRACT – FAILURE TO PROCURE INSURANCE (SCOTT AND REGIONS)

30.     SMITHWAY, WESTERN, and NCC incorporate the allegations of Paragraphs 1-29 as the allegations for Paragraph 30 of Count I as though fully restated and set forth herein.

31.     SMITHWAY contracted with SCOTT, by and through its employees, agents, and/or servants, for the procurement of certain fronting coverage.

32.     SCOTT, by and through its employees, agents, and/or servants, breached said contract with SMITHWAY and failed to procure the requisite fronting coverage.

33.     SMITHWAY contracted with SCOTT, by and through its employees, agents, and/or servants, for the procurement of certain reinsurance coverage.

34.     SCOTT, by and through its employees, agents, and/or servants, breached said contract with SMITHWAY and failed to procure the requisite reinsurance coverage.

35.     SMITHWAY contracted with REGIONS, by and through its employees, agents, and/or servants, for the procurement of certain fronting coverage.

36.     REGIONS, by and through its employees, agents, and/or servants, breached said contract with SMITHWAY and failed to procure the requisite fronting coverage.

37.     SMITHWAY contracted with REGIONS, by and through its employees, agents, and/or servants, for the procurement of certain reinsurance coverage.

38.     REGIONS, by and through its employees, agents, and/or servants, breached said contract with SMITHWAY and failed to procure the requisite reinsurance coverage.

39.     WESTERN contracted with SCOTT, by and through its employees, agents, and/or servants, for the procurement of certain fronting coverage.

40.     SCOTT, by and through its employees, agents, and/or servants, breached said contract with WESTERN and failed to procure the requisite fronting coverage.

41.     WESTERN contracted with SCOTT, by and through its employees, agents, and/or servants, for the procurement of certain reinsurance coverage.

42.     SCOTT, by and through its employees, agents, and/or servants, breached said contract with WESTERN and failed to procure the requisite reinsurance coverage.

43.     WESTERN contracted with REGIONS, by and through its employees, agents, and/or servants, for the procurement of certain fronting coverage.

44.     REGIONS, by and through its employees, agents, and/or servants, breached said contract with WESTERN and failed to procure the requisite fronting coverage.

45.     WESTERN contracted with REGIONS, by and through its employees, agents, and/or servants, for the procurement of certain reinsurance coverage.

Copy

46. REGIONS, by and through its employees, agents, and/or servants, breached said contract with WESTERN and failed to procure the requisite reinsurance coverage.

47. NCC contracted with SCOTT, by and through its employees, agents, and/or servants, for the procurement of certain reinsurance coverage.

48. SCOTT, by and through its employees, agents, and/or servants, breached said contract with NCC and failed to procure the requisite reinsurance coverage.

49. NCC contracted with REGIONS, by and through its employees, agents, and/or servants, for the procurement of certain reinsurance coverage.

50. REGIONS, by and through its employees, agents, and/or servants, breached said contract with NCC and failed to procure the requisite reinsurance coverage.

51. SMITHWAY has sustained damages and losses as a result of SCOTT's breaches of contract and is entitled to recover damages for the same.

52. SMITHWAY has sustained damages and losses as a result of REGIONS' breaches of contract and is entitled to recover damages for the same.

53. WESTERN has sustained damages and losses as a result of SCOTT's breaches of contract and is entitled to recover damages for the same.

54. WESTERN has sustained damages and losses as a result of REGIONS' breaches of contract and is entitled to recover damages for the same.

55. NCC has sustained damages and losses as a result of SCOTT's breaches of contract and is entitled to recover damages for the same.

56. NCC has sustained damages and losses as a result of REGIONS' breaches of contract and is entitled to recover damages for the same.

Copy

WHEREFORE, plaintiffs SMITHWAY MOTOR XPRESS, INC., WESTERN EXPRESS, INC., and NATIONAL CASUALTY COMPANY hereby pray and request that this Honorable Court enter Final Judgment against Defendants JAMES A. SCOTT & SON, INC., individually, and d/b/a SCOTT TRANSPORTATION SERVICES and d/b/a SCOTT TRANSPORTATION and d/b/a SCOTT INSURANCE, and REGIONS INSURANCE, INC., individually, and d/b/a INSURISK EXCESS AND SURPLUS LINES, and in favor of plaintiffs, as follows:

a.    Finding that a contract existed and was breached by defendants;

b.    Finding that plaintiffs have been damaged by defendants' breach and awarding damages in excess of one million dollars ($1,000,000.00) to plaintiffs; and

c.    Granting such further and additional relief as this Court deems just under the circumstances, including, but not limited to, any other damages recoverable by law.

## COUNT II – BREACH OF CONTRACT / THIRD PARTY BENEFICIARY
### (SCOTT AND REGIONS)

57.    SMITHWAY, WESTERN, and NCC incorporate the allegations of Paragraphs 1-56 as the allegations for Paragraph 57 of Count II as though fully restated and set forth herein.

58.    Pleading in the alternative and without waiving any other allegations, SMITHWAY was an intended third-party beneficiary on a contract for the procurement of reinsurance coverage between NCC and SCOTT.

59.    Pleading in the alternative and without waiving any other allegations, SMITHWAY was an intended third-party beneficiary on a contract for the procurement of reinsurance coverage between NCC and REGIONS.

.Copy

60. Pleading in the alternative and without waiving any other allegations, SMITHWAY was an intended third-party beneficiary on a contract for the procurement of fronting coverage between WESTERN and SCOTT.

61. Pleading in the alternative and without waiving any other allegations, SMITHWAY was an intended third-party beneficiary on a contract for the procurement of fronting coverage between WESTERN and REGIONS.

62. Pleading in the alternative and without waiving any other allegations, SMITHWAY was an intended third-party beneficiary on a contract for the procurement of reinsurance coverage between WESTERN and SCOTT.

63. Pleading in the alternative and without waiving any other allegations, SMITHWAY was an intended third-party beneficiary on a contract for the procurement of reinsurance coverage between WESTERN and REGIONS.

64. Pleading in the alternative and without waiving any other allegations, WESTERN was an intended third-party beneficiary on a contract for the procurement of reinsurance coverage between NCC and SCOTT.

65. Pleading in the alternative and without waiving any other allegations, WESTERN was an intended third-party beneficiary on a contract for the procurement of reinsurance coverage between NCC and REGIONS.

66. Pleading in the alternative and without waiving any other allegations, WESTERN was an intended third-party beneficiary on a contract for the procurement of fronting coverage between SMITHWAY and SCOTT.

Copy

67.     Pleading in the alternative and without waiving any other allegations, WESTERN was an intended third-party beneficiary on a contract for the procurement of fronting coverage between SMITHWAY and REGIONS.

68.     Pleading in the alternative and without waiving any other allegations, WESTERN was an intended third-party beneficiary on a contract for the procurement of reinsurance coverage between SMITHWAY and SCOTT.

69.     Pleading in the alternative and without waiving any other allegations, WESTERN was an intended third-party beneficiary on a contract for the procurement of reinsurance coverage between SMITHWAY and REGIONS.

70.     Pleading in the alternative and without waiving any other allegations, NCC was an intended third-party beneficiary on a contract for the procurement of fronting coverage between SMITHWAY and SCOTT.

71.     Pleading in the alternative and without waiving any other allegations, NCC was an intended third-party beneficiary on a contract for the procurement of fronting coverage between SMITHWAY and REGIONS.

72.     Pleading in the alternative and without waiving any other allegations, NCC was an intended third-party beneficiary on a contract for the procurement of reinsurance coverage between SMITHWAY and SCOTT.

73.     Pleading in the alternative and without waiving any other allegations, NCC was an intended third-party beneficiary on a contract for the procurement of reinsurance coverage between SMITHWAY and REGIONS.

Copy

74. Pleading in the alternative and without waiving any other allegations, NCC was an intended third-party beneficiary on a contract for the procurement of fronting coverage between WESTERN and SCOTT.

75. Pleading in the alternative and without waiving any other allegations, NCC was an intended third-party beneficiary on a contract for the procurement of fronting coverage between WESTERN and REGIONS.

76. Pleading in the alternative and without waiving any other allegations, NCC was an intended third-party beneficiary on a contract for the procurement of reinsurance coverage between WESTERN and SCOTT.

77. Pleading in the alternative and without waiving any other allegations, NCC was an intended third-party beneficiary on a contract for the procurement of reinsurance coverage between WESTERN and REGIONS.

78. SCOTT breached the contracts for which SMITHWAY, WESTERN, and NCC were intended third-party beneficiaries.

79. REGIONS breached the contracts for which SMITHWAY, WESTERN, and NCC were intended third-party beneficiaries.

80. The intended third-party beneficiaries, NCC, WESTERN, and SMITHWAY, sustained damages and losses as a result of REGIONS' and SCOTT's breaches of contract and are entitled to recover damages for the same.

WHEREFORE, plaintiffs SMITHWAY MOTOR XPRESS, INC., WESTERN EXPRESS, INC., and NATIONAL CASUALTY COMPANY hereby pray and request that this Honorable Court enter Final Judgment against Defendants JAMES A. SCOTT & SON, INC., individually, and d/b/a SCOTT TRANSPORTATION SERVICES and d/b/a SCOTT

Copy

TRANSPORTATION and d/b/a SCOTT INSURANCE, and REGIONS INSURANCE, INC., individually, and d/b/a INSURISK EXCESS AND SURPLUS LINES, and in favor of plaintiffs, as follows:

a. Finding that a contract existed and was breached by defendants;

b. Finding that the plaintiffs, if not direct parties to the contract, are intended third-party beneficiaries to the same;

c. Finding that plaintiffs have been damaged by defendants' breach and awarding damages in excess of one million dollars ($1,000,000.00) to plaintiffs; and

d. Granting such further and additional relief as this Court deems just under the circumstances, including, but not limited to, any other damages recoverable by law.

## COUNT III – BREACH OF FIDUCIARY DUTY
### (SCOTT AND REGIONS)

81.     SMITHWAY, WESTERN, and NCC incorporate the allegations of Paragraphs 1-80 as the allegations for Paragraph 81 of Count III as though fully restated and set forth herein.

82.     At all relevant times, SMITHWAY, WESTERN, and NCC justifiably placed trust, reliance, and confidence in SCOTT and REGIONS and their employees, agents, and/or servants.

83.     At all relevant times, SMITHWAY established a fiduciary relationship with SCOTT, its employees, agents, and/or servants.

84.     At all relevant times, SCOTT, by and through its employees, agents, and/or servants, owed a fiduciary duty to SMITHWAY.

85.     At all relevant times, SCOTT, by and through its agents, employees, and/or servants, failed to act with reasonable care and diligence in the interests of SMITHWAY and breached its fiduciary duty to SMITHWAY by, among other things, failing to ensure that the proper insurance policies were procured for SMITHWAY.

.Copy

86.    SMITHWAY has been damaged by SCOTT's breach of fiduciary duty and is entitled to recover damages for the same.

87.    At all relevant times, SMITHWAY established a fiduciary relationship with REGIONS, its employees, agents, and/or servants.

88.    At all relevant times, REGIONS, by and through its employees, agents, and/or servants, owed a fiduciary duty to SMITHWAY.

89.    At all relevant times, REGIONS, by and through its agents, employees, and/or servants, failed to act with reasonable care and diligence in the interests of SMITHWAY and breached its fiduciary duty to SMITHWAY by, among other things, failing to ensure that the proper insurance policies were procured for SMITHWAY.

90.    SMITHWAY has been damaged by REGIONS' breach of fiduciary duty and is entitled to recover damages for the same.

91.    At all relevant times, WESTERN established a fiduciary relationship with SCOTT, its employees, agents, and/or servants.

92.    At all relevant times, SCOTT, by and through its employees, agents, and/or servants, owed a fiduciary duty to WESTERN.

93.    At all relevant times, SCOTT, by and through its agents, employees, and/or servants, failed to act with reasonable care and diligence in the interests of WESTERN and breached its fiduciary duty to WESTERN by, among other things, failing to ensure that the proper insurance policies were procured for WESTERN.

94.    WESTERN has been damaged by SCOTT's breach of fiduciary duty and is entitled to recover damages for the same.

.Copy

95.    At all relevant times, WESTERN established a fiduciary relationship with REGIONS, its employees, agents, and/or servants.

96.    At all relevant times, REGIONS, by and through its employees, agents, and/or servants, owed a fiduciary duty to WESTERN.

97.    At all relevant times, REGIONS, by and through its agents, employees, and/or servants, failed to act with reasonable care and diligence in the interests of WESTERN and breached its fiduciary duty to WESTERN by, among other things, failing to ensure that the proper insurance policies were procured for WESTERN.

98.    WESTERN has been damaged by REGIONS' breach of fiduciary duty and is entitled to recover damages for the same.

99.    At all relevant times, NCC established a fiduciary relationship with SCOTT, its employees, agents, and/or servants.

100.    At all relevant times, SCOTT, by and through its employees, agents, and/or servants, owed a fiduciary duty to NCC.

101.    At all relevant times, SCOTT, by and through its agents, employees, and/or servants, failed to act with reasonable care and diligence in the interests of NCC and breached its fiduciary duty to NCC by, among other things, failing to ensure that the proper insurance policies were procured for the benefit of NCC.

102.    NCC has been damaged by SCOTT's breach of fiduciary duty and is entitled to recover damages for the same.

103.    At all relevant times, NCC established a fiduciary relationship with REGIONS, its employees, agents, and/or servants.

Copy

104.    At all relevant times, REGIONS, by and through its employees, agents, and/or servants, owed a fiduciary duty to NCC.

105.    At all relevant times, REGIONS, by and through its agents, employees, and/or servants, failed to act with reasonable care and diligence in the interests of NCC and breached its fiduciary duty to NCC by, among other things, failing to ensure that the proper insurance policies were procured for the benefit of NCC.

106.    NCC has been damaged by REGIONS' breach of fiduciary duty and is entitled to recover damages for the same.

WHEREFORE, plaintiffs SMITHWAY MOTOR XPRESS, INC., WESTERN EXPRESS, INC., and NATIONAL CASUALTY COMPANY hereby pray and request that this Honorable Court enter Final Judgment against Defendants JAMES A. SCOTT & SON, INC., individually, and d/b/a SCOTT TRANSPORTATION SERVICES and d/b/a SCOTT TRANSPORTATION and d/b/a SCOTT INSURANCE, and REGIONS INSURANCE, INC., individually, and d/b/a INSURISK EXCESS AND SURPLUS LINES, and in favor of plaintiffs, as follows:

a.    Finding that a fiduciary relationship existed and was breached by defendants;

b.    Finding that plaintiffs have been damaged by defendants' breach and awarding damages in excess of one million dollars ($1,000,000.00) to plaintiffs; and

c.    Granting such further and additional relief as this Court deems just under the circumstances, including, but not limited to, any other damages recoverable by law.

.Copy

## COUNT IV – PROFESSIONAL NEGLIGENCE
### (SCOTT AND REGIONS)

107.    SMITHWAY, WESTERN, and NCC incorporate the allegations of Paragraphs 1-106 as the allegations for Paragraph 107 of Count IV as though fully restated and set forth herein.

108.    SCOTT, by and through its agents, employees, and servants, had a duty and obligation to conform to certain standards of conduct in its profession to protect SMITHWAY from unreasonable risks.

109.    SCOTT, by and through its agents, employees, and servants, breached the standard of care and its duty of care to SMITHWAY by, among other things, failing to ensure that the proper insurance policies were procured for SMITHWAY.

110.    SCOTT's breach of its duty to exercise reasonable care for SMITHWAY is a tort independent from any breach of contract or breach of fiduciary duty.

111.    SCOTT's breach has proximately caused SMITHWAY to sustain and suffer damages, which damages SMITHWAY is entitled to recover.

112.    REGIONS, by and through its agents, employees, and servants, had a duty and obligation to conform to certain standards of conduct in its profession to protect SMITHWAY from unreasonable risks.

113.    REGIONS, by and through its agents, employees, and servants, breached the standard of care and its duty of care to SMITHWAY by, among other things, failing to ensure that the proper insurance policies were procured for SMITHWAY.

114.    REGIONS' breach of its duty to exercise reasonable care for SMITHWAY is a tort independent from any breach of contract or breach of fiduciary duty.

.Copy

115. REGIONS' breach has proximately caused SMITHWAY to sustain and suffer damages, which damages SMITHWAY is entitled to recover.

116. SCOTT, by and through its agents, employees, and servants, had a duty and obligation to conform to certain standards of conduct in its profession to protect WESTERN from unreasonable risks.

117. SCOTT, by and through its agents, employees, and servants, breached the standard of care and its duty of care to WESTERN by, among other things, failing to ensure that the proper insurance policies were procured for WESTERN.

118. SCOTT's breach of its duty to exercise reasonable care for WESTERN is a tort independent from any breach of contract or breach of fiduciary duty.

119. SCOTT's breach has proximately caused WESTERN to sustain and suffer damages, which damages WESTERN is entitled to recover.

120. REGIONS, by and through its agents, employees, and servants, had a duty and obligation to conform to certain standards of conduct in its profession to protect WESTERN from unreasonable risks.

121. REGIONS, by and through its agents, employees, and servants, breached the standard of care and its duty of care to WESTERN by, among other things, failing to ensure that the proper insurance policies were procured for WESTERN.

122. REGIONS' breach of its duty to exercise reasonable care for WESTERN is a tort independent from any breach of contract or breach of fiduciary duty.

123. REGIONS' breach has proximately caused WESTERN to sustain and suffer damages, which damages WESTERN is entitled to recover.

.Copy

124.	SCOTT, by and through its agents, employees, and servants, had a duty and obligation to conform to certain standards of conduct in its profession to protect NCC from unreasonable risks.

125.	SCOTT, by and through its agents, employees, and servants, breached the standard of care and its duty of care to NCC by, among other things, failing to ensure that the proper insurance policies were procured for the benefit of NCC.

126.	SCOTT's breach of its duty to exercise reasonable care for NCC is a tort independent from any breach of contract or breach of fiduciary duty.

127.	SCOTT's breach has proximately caused NCC to sustain and suffer damages, which damages NCC is entitled to recover.

128.	REGIONS, by and through its agents, employees, and servants, had a duty and obligation to conform to certain standards of conduct in its profession to protect NCC from unreasonable risks.

129.	REGIONS, by and through its agents, employees, and servants, breached the standard of care and its duty of care to NCC by, among other things, failing to ensure that the proper insurance policies were procured for the benefit of NCC.

130.	REGIONS' breach of its duty to exercise reasonable care for NCC is a tort independent from any breach of contract or breach of fiduciary duty.

131.	REGIONS' breach has proximately caused NCC to sustain and suffer damages, which damages NCC is entitled to recover.

WHEREFORE, plaintiffs SMITHWAY MOTOR XPRESS, INC., WESTERN EXPRESS, INC., and NATIONAL CASUALTY COMPANY hereby pray and request that this Honorable Court enter Final Judgment against Defendants JAMES A. SCOTT & SON, INC.,

Copy

individually, and d/b/a SCOTT TRANSPORTATION SERVICES and d/b/a SCOTT TRANSPORTATION and d/b/a SCOTT INSURANCE, and REGIONS INSURANCE, INC., individually, and d/b/a INSURISK EXCESS AND SURPLUS LINES, and in favor of plaintiffs, as follows:

    a.    Finding that the defendants owed a duty of care to the plaintiffs and breached that duty, thereby committing negligence;

    b.    Finding that plaintiffs have been damaged as a proximate result of the defendants' breach and negligence and awarding damages in excess of one million dollars ($1,000,000) to the plaintiffs; and

    c.    Granting such further and additional relief as this Court deems just under the circumstances, including, but not limited to, any other damages recoverable by law.

### JURY DEMAND

PLAINTIFFS DEMAND TRIAL BY JURY.

Dated this 17 day of September, 2012.

Respectfully Submitted,

ROLAND M. LOWELL
Attorney for Plaintiffs
7135 Centennial Place
Nashville, TN 37209
(T) 615-259-9920
TN BPR Number: 3874

Copy

| CIRCUIT COURT SUMMONS | | NASHVILLE, TENNESSEE |

FILED
STATE OF TENNESSEE
2012 SEP DAVIDSON COUNTY
20TH JUDICIAL DISTRICT
RICHARD R. ROOKER, CLERK

*a. m. Clay* D.C.

Smithway Motor Xpress, Inc.

Western Express, Inc.

National Casualty Company

**Plaintiff**

Vs.

① JAMES A. SCOTT & SON, INC., individually, and d/b/a Scott

② Transportation Services and d/b/a Scott Insurance; and

REGIONS INSURANCE, INC., individually, and d/b/a Insurisk

Excess and Surplus Lines.

**Defendant**

CIVIL ACTION
DOCKET NO. *12C3728*

☑ First
☐ Alias
☐ Pluries

**Method of Service:**
☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☒ Personal Service
☐ Commissioner of Insurance

D1
W/C

**To the above named Defendant:** ① *James A. Scott & Son, Inc. c/o Corporation Service Co. 2908 Poston Ave, Nashville, TN 37203-1312*

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 9/17/2012

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: *a. m. Clay*
Deputy Clerk

| ATTORNEY FOR PLAINTIFF
or
PLAINTIFF'S ADDRESS | Roland M. Lowell |
| | 7135 Centennial Place |
| | Address |
| | Nashville, TN 37209 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

SHERIFF

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20ᵀᴴ JUDICIAL DISTRICT**

FILED

2012 SEP 17 PM
RICHARD R. ROOKER, CLERK
A. McClure D.C.

- [x] First
- [x] Alias
- [ ] Pluries

Smithway Motor Xpress, Inc.

Western Express, Inc.

National Casualty Company

Plaintiff

CIVIL ACTION
DOCKET NO. _12C3728_

**Vs.**

① JAMES A. SCOTT & SON, INC., individually, and d/b/a Scott

② Transportation Services and d/b/a Scott Insurance; and

REGIONS INSURANCE, INC., individually, and d/b/a Insurisk

Excess and Surplus Lines.

Defendant

**Method of Service:**

- [ ] Davidson County Sheriff
- [ ] Out of County Sheriff
- [ ] Secretary of State
- [ ] Certified Mail
- [x] Personal Service
- [ ] Commissioner of Insurance

D2
W/C

② Regions Insurance, Inc. c/o Corporation Service Co.
2908 Poston Ave, Nashville, TN 37203-1312.

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 9/17/2012

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: A. McClure
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Roland M. Lowell |
| | 7135 Centennial Place |
| | Address |
| | Nashville, TN 37209 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____

SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.



**CIRCUIT COURT SUMMONS**                                    NASHVILLE, TENNESSEE

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20ᵀᴴ JUDICIAL DISTRICT**

FILED
2012 SEP ... 06
RICHARD R. ROOKER, CLERK
a. McCoy
D.C.

☑ First
☐ Alias
☐ Pluries

Smithway Motor Xpress, Inc.

Western Express, Inc.

National Casualty Company

                                                    Plaintiff

**CIVIL ACTION DOCKET NO.** *12C3728*

**Method of Service:**
☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☒ Personal Service
☐ Commissioner of Insurance

D1
w/c

**Vs.**

① JAMES A. SCOTT & SON, INC., individually, and d/b/a Scott

② Transportation Services and d/b/a Scott Insurance; and

REGIONS INSURANCE, INC., individually, and d/b/a Insurisk

Excess and Surplus Lines.
                                                    Defendant

**To the above named Defendant:** ① James A. Scott & Son, Inc. c/o Corporation Service Co., 2908 Poston Ave, Nashville, TN 37203-1312

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 9/17/2012

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: a. McCoy
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Roland M. Lowell |
|---|---|
| | 7135 Centennial Place |
| | Address |
| | Nashville, TN 37209 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20___.

SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _17th_ day of _September_ , 20 _12_ , I:

[X] served this summons and complaint/petition on _James A. Scott & Son, Inc._ _c/o Corporation Service Co. (Registered Agent)_ in the following manner: _Personal service via hand delivery_

[ ] failed to serve this summons within 90 days after its issuance because _____

_____
Sheriff/Process Server_

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____ . On the _____ day of _____ , 20 _____ , I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____ , 20 _____ . Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____ , 20 _____ .

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____ D.C.

Copy

CIRCUIT COURT SUMMONS    FILED                    NASHVILLE, TENNESSEE

### STATE OF TENNESSEE
2012 SEP 17 PM DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

RICHARD R. ROOKER, CLERK

Smithway Motor Xpress, Inc.

Western Express, Inc.

National Casualty Company

                                        Plaintiff

Vs.

① JAMES A. SCOTT & SON, INC., individually, and d/b/a Scott

② Transportation Services and d/b/a Scott Insurance; and

REGIONS INSURANCE, INC., individually, and d/b/a Insurisk

Excess and Surplus Lines.

                                        Defendant

| | |
|---|---|
| CIVIL ACTION DOCKET NO. | 12C3728 |

**Method of Service:**

- [ ] Davidson County Sheriff
- [ ] Out of County Sheriff
- [ ] Secretary of State
- [ ] Certified Mail
- [x] Personal Service
- [ ] Commissioner of Insurance        D2 W/C

② Regions Insurance, Inc. c/o Corporation Service Co.
2908 Poston Ave, Nashville, TN 37203-1312.

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 9/17/2012

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Roland M. Lowell |
|---|---|
| | 7135 Centennial Place |
| | Address |
| | Nashville, TN 37209 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20_____.

SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _17th_ day of _September_, 20 _12_, I:

[☒] served this summons and complaint/petition on _Regions Insurance, Inc. c/o_ _Corporation Services, Co. (Registered Agent)_ in the following manner: _personal service via hand delivery_

[ ] failed to serve this summons within 90 days after its issuance because _____

_____
Sheriff/Process Server

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 _____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____. On the _____ day of

_____ 20 _____, I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20 ____. Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.


SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20 _____.      _____
                                                    PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
                                                    AUTHORIZED BY STATUTE TO SERVE PROCESS


_____ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _____

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)


STATE OF TENNESSEE
COUNTY OF DAVIDSON

(To be completed only if
copy certification required.)

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _____ D.C.