IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SMITHWAY MOTOR XPRESS, INC.,<br>WESTERN EXPRESS, INC., and<br>NATIONAL CASUALTY COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES A. SCOTT & SONS, INC.,<br>individually, and d/b/a SCOTT<br>TRANSPORTATION SERVICES<br>and d/b/a SCOTT TRANSPORTATION<br>and d/b/a SCOTT INSURANCE;<br>and REGIONS INSURANCE, INC.,<br>individually, and d/b/a INSURISK<br>EXCESS AND SURPLUS LINES,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:12-cv-01063<br><br>Judge Nixon<br>Magistrate Judge Brown<br><br>JURY DEMAND |

## ORDER

Pending before the Court is Defendant James A. Scott & Sons, Inc.'s ("Scott and Sons") Corrected Motion for Remand ("Motion") (Doc. No. 9), filed with a Memorandum in Support (Doc. No. 8). Plaintiffs Smithway Motor Xpress, Inc., Western Express, Inc., and National Casualty Company ("Plaintiffs") have not responded in opposition. Defendant Regions Insurance, Inc., ("Regions") also has not responded. For the reasons given below, the Motion is **GRANTED,** and this action is **REMANDED** to state court.

### I.  BACKGROUND

On September 17, 2012, Plaintiffs filed a Complaint against Defendants Regions and Scott and Sons in the Circuit Court for Davidson County, Tennessee. (Doc. No. 1-1, ex. A.) On October 17, 2012, Regions filed a Notice of Removal of the state court action

1

in this Court. (Doc. No. 1.) On November 15, 2012, Scott and Sons filed the instant Motion for Remand, arguing that it did not consent to removal and that the action should be remanded to state court. (Doc. No. 9.)

## II.   ANALYSIS

Under 28 U.S.C. § 1441(a), "civil actions brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants to the district court of the United States for the district and division embracing the place where the action is pending." Section 1446(b)(2)(A) further directs that "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Regions asserts that this Court has original jurisdiction under § 1332, which provides, "the district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." (Doc. No. 1 at 2.) Therefore, for this case to have been properly removed under § 1446(b)(2)(A), all Defendants needed to join in or consent to removal.

Scott and Sons is not a signatory to the Notice of Removal, and Regions does not assert that Scott and Sons consented to the same. (*See* Doc. No. 1.) In fact, Scott and Sons expressly stated in the Motion to Remand that it does not consent to removal. (Doc. No. 8 at 2.) Thus, the Court finds that Scott and Sons never joined in or consented to removal of this action, and therefore, removal was inappropriate under section 1446(b)(2)(A). *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) ("Failure to obtain unanimous consent forecloses the opportunity for removal under section 1446.").

## III. CONCLUSION

For the reasons above, the Motion is **GRANTED,** and this action is **REMANDED** to the

Circuit Court for Davidson County, Tennessee.

It is so ORDERED.

This the ___7^{th}___ day of February, 2013.

_____
SENIOR JUDGE JOHN T. NIXON
UNITED STATES DISTRICT COURT

Case 3:12-cv-01063   Document 12   Filed 02/08/13   Page 3 of 3 PageID #: 87